IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

BOARDS OF TRUSTEES OF OHIO
LABORERS' FRINGE BENEFIT
PROGRAMS,

    Plaintiff,

    v.                                        Case No. 2:15-cv-2864

                                             Magistrate Judge Elizabeth P. Deavers

AKRON INSULATION AND SUPPLY, INC.,

    Defendant.

## OPINION AND ORDER

Plaintiff, Boards of Trustees of the Ohio Laborers' Fringe Benefit Programs, brought this action against Defendant, Akron Insulation and Supply, Inc., seeking to recover unpaid fringe benefit contributions pursuant to Section 502(g)(2) of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1132(g)(2), and the operative collective bargaining agreements. This matter is before the Court for consideration of January 3, 2017 Show Cause Order (ECF No. 24) and Plaintiff's Motion for Default Judgment (ECF No. 25). For the reasons that follow, Plaintiff's Motion for Default Judgment is **GRANTED.**

**I.**

Plaintiff filed this action against Defendant in September 2015. In June 2016, Plaintiff filed a Motion for Summary Judgment. (ECF No. 16.) In August 2016, the Court noticed this case for a September 2016 Settlement Conference. (ECF No. 20.) Due to the Ohio Supreme Court's interim suspension of Defendant's former counsel, the Court vacated the mediation

pending the Chief Judge's consideration of whether this Court should impose the identical discipline. (Aug. 31, 2016 Order, ECF No. 22.) On October 19, 2016, this Court issued an Order suspending Defendant's former defense counsel from the practice of law in this Court. *In the Matter of*: *Mark Andrew Chuparkoff, Ohio Atty. Reg. No. 0071982*, Case No. 2:16-MC-51 (Oct. 19, 2016 Order, ECF No. 3). On October 24, 2016, this Court issued a Notice and Order advising Defendant that as a limited liability company, it could only proceed through licensed counsel in this Court and directing it to retain a trial attorney within thirty days. (ECF No. 23.) The Court specifically advised Defendant that "[f]ailure to comply with this Order may result in entry of default and default judgment against Defendant." (*Id*. at 1-2.) When Defendant failed to timely secure counsel, the Court issued a Show Cause Order, which outlined Defendant's failure to respond to Court Orders and ordered as follows:

> Accordingly, Plaintiff is **ORDERED TO SHOW CAUSE WITHIN FOURTEEN (14) DAYS** why the Court should not sanction Defendant with an entry of default and default judgment for failing to comply with Court orders. Defendant is again advised that failure to comply with this Show Cause Order may result in entry of default and default judgment against it. The Clerk is **DIRECTED** to send a copy of this Order to Defendant's statutory agent, Dino Lombardi, 1985 Manchester Road, Akron, Ohio 44314.

(Jan. 3, 2017 Show Cause Order, ECF No. 24.) When Defendant failed to timely respond to the Court's Show Cause Order, Plaintiff filed a Motion for Default Judgment, outlining the procedural history of this case and providing detailed documentation demonstrating the amount owed as a result of Defendant's breach of the parties' agreements.

2

## II.

A.     **Defendant's Violation of Court Orders**

The Court finds that Defendant's repeated willful violation of this Court's Orders warrants the sanction of entry of default and default judgment.   Federal Rule of Civil Procedure 16(f) provides that a Court may "issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party . . . fails to appear at a . . . pretrial conference" or "fails to obey a scheduling or other pretrial order."   Fed. R. Civ. P. 16(f)(1).   Federal Rule of Civil Procedure 37(b)(2)(A) identifies entry of "a default judgment against the disobedient party" as a permissible sanction.   Fed. R. Civ. P. 37(b)(2)(A)(vi); *see also In re Leonard*, 644 F. App'x 612, 618 (6th Cir. 2016) (affirming trial court's sanction of default judgment where the defendants had willfully failed to comply with pretrial orders); *Dell, Inc. v. Advicon Computer Servs., Inc*., No. 06–11224, 2007 WL 2021842, at *5 (E.D. Mich. July 12, 2007) ("[I]t is well-established that a federal court has the inherent authority to . . . enter default judgment . . . based on a party's failure to obey court orders in general . . . when the circumstances warrant as much."), *aff'd Dell, Inc. v. Elles*, No. 07–2082, 2008 WL 4613978 (6th Cir. June 10, 2008).   Moreover, this Court "has the inherent power to 'protect[ ] the due and orderly administration of justice and . . . maintain[ ] the authority and dignity of the court . . . .'"   *Bowles v. City of Cleveland*, 129 F. App'x 239, 241 (6th Cir. 2005) (quoting *Cooke v. United States*, 267 U.S. 517, 539 (1925) (alternations in the original)).

The United States Court of Appeals for the Sixth Circuit has outlined four factors to consider in deciding whether to issue the harsh sanction of default:

3

> "(1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered."

*Universal Health Grp. v. Allstate Ins. Co.*, 703 F.3d 953, 956 (6th Cir. 2013) (quoting *United States v. Reyes*, 307 F.3d 451, 458 (6th Cir. 2002) (internal quotation marks and citation omitted)). "'Although typically none of the factors is outcome dispositive, . . . a case is properly dismissed by the district court where there is a clear record of delay or contumacious conduct.'" *Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 737 (6th Cir. 2008) (quoting *Knoll v. AT & T*, 176 F.3d 359, 363 (6th Cir. 1999)).

Here, despite having knowledge for more than four months that it needs to proceed through an attorney, Defendant has disobeyed Court Orders to retain counsel. Defendant has further ignored the Court's January 3, 2017 Show Cause Order notwithstanding the Court's repeated admonitions that failure to comply could result in the sanction of entry of default and default judgment. *Cf. Stough v. Mayville Cmty. Schs.*, 138 F.3d 612, 615 (6th Cir. 1998) (noting that "[p]rior notice, or lack thereof, is . . . a key consideration" in whether the sanction of dismissal is appropriate). The Court concludes that Defendant's willful failure to comply with these clear Orders of the Court constitutes bad faith or contumacious conduct. *See Steward v. Cty. of Jackson, Tenn.*, 8 F. App'x 294, 296 (6th Cir. 2001) (concluding that a plaintiff's failure to comply with a court's order "constitute[d] bad faith or contumacious conduct and justifie[d] dismissal"). Because Defendant has missed deadlines and disregarded Court orders, the Court concludes that no alternative sanction would protect the Court's authority and the integrity of the pretrial process. Accordingly, the Court finds that Plaintiff is entitled to entry of default judgment against

Defendant.

**B.     Entry of Default and Default Judgment**

As a party in default, Defendant is deemed to have admitted all of the well-pleaded allegations in Plaintiff's Complaints.  *Ford Motor Co. v. Cross*, 441 F.Supp.2d 837, 846 (E.D. Mich. 2006) (citing *Visioneering Const. v. U.S. Fid. and Guar.*, 661 F.2d 119, 124 (6th Cir. 1981)); *cf.* Fed. R. Civ. P. 8(b)(6) ("An allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied."); *LaSalle Bank Nat'l Ass'n v. Appleton*, No. 1:07-CV-175, 2007 WL 2344708, at *2 (S.D. Ohio Aug. 15, 2007) ("Once the default has been entered, the well-pleaded facts of the complaint relating to liability must be accepted as true.").

Thus, "the Court accepts as true the well-pled factual allegations of [the] complaint, draws reasonable inferences from those allegations in [the plaintiff's] favor, and then asks whether [the plaintiff] has stated a claim upon which relief may be granted."  *Ayers v. Receivables Performance Mgmt.*, *L.L.C.*, No. 2:15-CV-12082, 2016 WL 5402962, at *3 (E.D. Mich. Sept. 28, 2016) (citing *Gen. Conf. Corp. v. McGill*, 617 F.3d 402, 410 (6th Cir. 2010)).  Once the Court determines that Plaintiff has stated a claim, "it will determine the amount and character of the recovery that should be awarded."  10A Charles Alan Wright & Arthur R. Miller, Fed. Prac. & Proc. Civ. § 2685 (3d ed.).  Because allegations with respect to the amount and character of damages are not taken as true, they must be supported by factual evidence.  If, therefore, the factual evidence provided in the complaint is insufficient to establish a claim for a sum certain, the judgment must be entered by the court, and additional hearings may be held to determine those facts.  Fed. R. Civ. P. 55(b)(2); *Ayers*, 2016 WL 5402962, at *3 (evidentiary hearing not

5

necessary "if sufficient evidence is submitted to support the request for damages or if the amount claimed is one capable of ascertainment from definite figures in the documentary evidence or affidavits" (internal quotation marks and citation omitted)).

In the instant case, the Court concludes that Plaintiff has sufficiently alleged that Defendant breached the various collective bargaining agreements the parties had negotiated by failing, after a proper demand, to make the requisite monthly contributions. In addition to the damages flowing from Defendant's failure to make the requisite payments, Plaintiff has also sufficiently alleged that it is entitled to recover its reasonable fees to collect the delinquent contributions owed. Finally, the Court finds that no evidentiary hearing is required to ascertain the amount of damages to be assessed. Plaintiff, in its Motion for Default Judgment and Exhibits attached thereto, supplied evidence sufficient to enable the Court to ascertain the definite amount owed as a result of Defendant's breach.

Turning to damages, the documentary evidence Plaintiff supplied demonstrates that it is entitled to recover **$8,888.90** in unpaid fringe benefits contributions through April 2016 and liquidated damages, plus interest from the time of judgment, at the rate of 1%. In addition, the Court finds that Plaintiff is entitled to an additional **$6,666.25** for reasonable attorney's fees plus costs.

### III.

For the reasons set forth above, Plaintiff's Motion for Default Judgment is **GRANTED.** (ECF No. 25.) The Clerk is **DIRECTED** to enter default and default judgment against Defendant in the amount of **$8,888.80** in unpaid fringe benefits contributions through April 2016 and liquidated damages, plus interest from the time of judgment, at the rate of 1%, as well as an

6

additional **$6,666.25** for reasonable attorney's fees plus costs.

In addition, the Clerk is **DIRECTED** to **TERMINATE AS MOOT** Plaintiff's Motion for Summary Judgment. (ECF No. 16.)

**IT IS SO ORDERED.**


Date: February 27, 2017          /s/ *Elizabeth A. Preston Deavers*
                                 **ELIZABETH A. PRESTON DEAVERS**
                                 **UNITED STATES MAGISTRATE JUDGE**